BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MAR 20 1972

IN RE TRADE SECRETS IN MANUFACTURING    )
HIGH MOLECULAR WEIGHT POLYETHYLENE      )    DOCKET NO. 92

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE
PANEL

PER CURIAM

Plaintiffs in this litigation, Impact Plastics and its subsidiary, Future Plastics, are manufacturers of high molecular weight plastics. They brought four actions in three different districts against former employees alleging use of and conspiracy to use trade secrets in competition with the plaintiffs. Plaintiffs moved the Panel for transfer under Section 1407 and all defendants opposed the motion.[1] We find

---

\*   Although Judge Robson was not present at the hearing, he has, with the consent of all parties, participated in this decision.

[1]   Plaintiffs' motion originally requested transfer of four actions for coordinated or consolidated pretrial proceedings. Since the date of filing, however, one of the actions brought in the District of South Carolina has been tried and is presently awaiting decision. And since the hearing, the action pending in the Western District of North Carolina has been dismissed.

that none of the criteria favoring transfer exist in this litigation and accordingly deny the motion with prejudice.[2]

Each action in this litigation involves the existence of plaintiffs' trade secrets and the allegations of conspiracy to use the trade secrets. There is, however, a lack of commonality surrounding these few factual issues that we find cuts against transfer of the actions for coordinated or consolidated pretrial proceedings. The defendants were employed by the plaintiffs at different times in different capacities and were exposed to different portions of plaintiffs' alleged "trade secrets," which will focus discovery on an individualized basis. Furthermore, respondents assert that the contracts not to compete or disclose confidential information that defendants had with plaintiffs vary markedly from individual to individual. We hold that these limited common questions of fact are so predominant in these actions that transfer for coordinated or consolidated pretrial proceedings would not serve the convenience of parties and witnesses nor promote the just and efficient conduct of the actions.

Another factor militates against transfer of these actions. Plaintiffs' action in South Carolina alleging

---

[2] Plaintiffs' counsel has represented to the Panel that he intends to file venue motions under Section 1404(a) to have the cases transferred to a particular district for all purposes. It is true that we have sometimes deferred decision until the determination of a filed venue motion because it is more desirable to have a case transferred for all purposes than for the limited pretrial purposes associated with a Section 1407 transfer. See, e.g., In re Deering Milliken Patent Litigation, 328 F. Supp. 504 (J.P.M.L. 1970). We refuse to defer in this instance, however, because it would not affect our ultimate decision.

- 3 -

misappropriation of trade secrets by a former employee has been tried and is presently awaiting decision by the district court. A decision regarding the trade secrets issue adverse to plaintiffs' interest may well have a res judicata effect in these later filed actions. And there is the distinct possibility that the discovery undertaken in that case will be available to these defendants.

IT IS THEREFORE ORDERED that the motion for transfer of the actions listed on the attached Schedule A be, and hereby is, DENIED WITH PREJUDICE.

DOCKET NO. 92                                            SCHEDULE A

## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Future Plastics, Inc. v. Ware Shoals Plastics, Inc., et al. | Civil Action No. 67-35 |
| Impact Plastics, Inc., et al. v. Ware Shoals Plastics, Inc., et al. | Civil Action No. 71-1178 |

## WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Impact Plastics, Inc., et al. v. Ware Shoals Plastics, Inc., et al.   (*) | Civil Action No. 3007 |

## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Impact Plastics, Inc., et al. v. Poly-Hi Inc., et al. | Civil Action No. 71 F 132 |

(*) Action dismissed February 11, 1972.